NANNIE KRETZER

*v.*

MOSES PONTIAC SALES, INC., *a corporation,*
*doing business as* NATIONAL CAR RENTAL SYSTEM,

HARRY WILSON, *doing business as*
HARRY'S BOULEVARD ESSO *and* FLETCHER S. STEVENS

(No. 13343)

Submitted October 9, 1973.    Decided December 18, 1973.

Petition for Rehearing Filed January 16, 1974.

Rehearing Denied March 15, 1974.

*Greene, Ketchum & Baker, James D. Nash, Jr.,* for appellant.

*Campbell, Woods, Bagley, Emerson, McNeer & Herndon, R. G. McNeer and C. F. Bagley* for appellees.

BERRY, CHIEF JUSTICE:

This is an appeal by Nannie Kretzer, the plaintiff below, hereinafter referred to as plaintiff, from a final order of the Circuit Court of Wayne County entered on October 2, 1972 wherein the court sustained the motion on behalf of the defendants, Fletcher S. Stevens and Harry Wilson, doing business as Harry's Boulevard Esso, to set aside the verdict of the jury for the plaintiff in the amount of $30,000 and to grant the defendants a new trial. The plaintiff alleges the court erred in setting aside the jury verdict and granting the defendants a new trial. This Court granted plaintiff's appeal on March 5, 1973 and on April 2, 1973 granted the defendants' cross-assignment of error under the provisions of Rule XI of the Supreme Court Rules. The case was submitted for decision by this Court on October 9, 1973 upon the arguments and briefs on behalf of the respective parties.

On November 7, 1970 the plaintiff, who at that time was 74 years of age, sustained a serious injury to her left leg when she was struck by a car driven by defendant Stevens as she was crossing U. S. Route 60 in Ceredo, West Virginia. The accident occurred approximately 64 feet west of the intersection of Main Street and U. S.

Route 60. At the scene of the accident Route 60 is a four lane highway which runs generally in an east-west direction while Main Street is a two lane street running in a north-south direction. The plaintiff was walking from her home, which was located on the north side of Route 60, to catch a bus at the southwest corner of the intersection of Main Street and Route 60. She was walking east toward the intersection on the north side of Route 60 when she noticed that the stop light at the intersection had turned red to stop the east-west traffic on Route 60. Plaintiff testified she then looked up and down Route 60, and not seeing any cars approaching, started across the four lane highway at a point approximately 64 feet from the intersection. Defendant Stevens had stopped his car in the northbound lane of Main Street at the stop light. When the light turned green for the north-south traffic on Main Street, Stevens turned left and began to proceed in a westerly direction in the inside lane on Route 60, at which time the car's right front fender struck the plaintiff. The plaintiff testified that she never saw the car that struck her until the moment of impact, although there was an unobstructed view from where she began to cross the highway and the point at which Stevens' car was stopped for the light in the northbound lane of Main Street. Stevens testified that he did not see the plaintiff until the moment of impact even though he also had an unobstructed view. Stevens stopped the car immediately after the impact and the plaintiff testified that he told her, while she was lying on the highway, that it was his fault and that he would not have hit her if he had not have been speeding. Plaintiff also testified that once she had started to cross the highway she was looking directly in front of her to make sure she did not trip or fall and did not again look for cars approaching.

One of the plaintiff's witnesses, Bobbie Chambers, testified that she was driving east on Route 60 in the left hand lane, or inside lane, and was about three or four car lengths west of the plaintiff while the plaintiff was

crossing the highway. She further testified that the plaintiff never looked in her direction and that she slowed her car because she thought the plaintiff might continue to cross the highway and that if the plaintiff had continued she was prepared to stop "and let her go by".

As a result of the accident, the plaintiff underwent surgery and had a fifteen inch rod inserted in the femur bone in her left leg. The medical testimony revealed that as of March 31, 1972 the bones had not healed and Dr. Smith testified that the plaintiff was totally disabled. Plaintiff testified that more than a year passed before she could walk again and that she could only walk with the aid of a walker. She also testified that she is unable to place any weight on her left leg and that she is completely dependent on her daughter to take care of her. The plaintiff's unmarried daughter, who had always lived with the plaintiff, quit her job after the accident in order to care for her. The plaintiff was also allowed to introduce evidence over the objection of the defendants that the value of domestic services similar to those performed by the plaintiff's daughter would be between $50 and $75 a week.

At the time of the accident, Stevens was an employee of Harry Wilson, the owner and operator of a service station in Kenova, West Virginia. Stevens was returning a car owned by Moses Pontiac Sales, Inc. from the airport to the service station for servicing, under an arrangement between Wilson and Moses Pontiac, when the accident occurred. Moses Pontiac Sales, Inc. was dismissed as a defendant by the court on motion for summary judgment because there was no evidence of an agency relationship between Moses Pontiac and Wilson or Stevens.

After the jury verdict in favor of the plaintiff, the defendants filed timely motions under Rule 50, R.C.P., to set aside the jury verdict and enter judgment for the defendants or to set aside the jury verdict and grant the defendants a new trial under Rule 59, R.C.P. The trial court overruled the defendants' motion under Rule 50,

R.C.P., but granted the defendants' motion to set aside the verdict and grant the defendants a new trial on the grounds that the court erred in refusing to give defendants' Instructions 9 and 9A. Instructions 9 and 9A, offered by the defendants and refused by the trial court when the case was submitted to the jury, reads as follows:

## DEFENDANTS' INSTRUCTION NO. 9

"The Court instructs the jury that every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway. However, it is also the law of the State of West Virginia, that every pedestrian, including the plaintiff, crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. Therefore, if you believe from the evidence in this case that the plaintiff attempted to cross U. S. Route 60 at a point other than within a marked crosswalk at an intersection, and that she failed to yield the right-of-way to the defendant Fletcher Stevens, then the plaintiff was guilty of prima facie negligence, and if you further believe that such prima facie negligence contributed proximately to the injuries of which she complains, then she cannot recover and it is your duty to return a verdict for the defendants, Fletcher Stevens and Harry Wilson."

## DEFENDANTS' INSTRUCTION NO. 9A

"The Court instructs the jury that every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary. It is also the law of the State of West Virginia, that every pedestrian, including the plaintiff, crossing a roadway at a point other than within a marked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. Therefore, if you believe from the evidence in this case that the plaintiff attempted to cross U. S. Route 60 at a point other than within a marked crosswalk or other than within an

unmarked crosswalk at an intersection, and that she failed to yield the right-of-way to the defendant Fletcher Stevens, then the plaintiff was guilty of prima facie negligence, and if you further believe that such prima facie negligence contributed proximately to the injuries of which she complains, then she cannot recover and it is your duty to return a verdict for the defendants, Fletcher Stevens and Harry Wilson."

These instructions are based on two sections under Traffic Regulations in the West Virginia Code, 17C-10-3(a), as amended, which reads:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

And, Code, 17C-10-4, as amended, reads:

"Notwithstanding the foregoing provisions of this article every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary * * * ."

It will be noted that the two instructions are almost identical with the exception that Instruction 9 does not contain the provision in the statute with regard to giving a warning by sounding the horn when necessary. Also, the word "However" contained in Instruction 9 is omitted in Instruction 9A. In any event, it was not necessary to give two almost identical instructions covering the same matter, because instructions should not be repetitious and duplication of instructions is unnecessary and undesirable. *Robertson v. Hobson,* 114 W.Va. 236, 171 S.E. 745; *Drake v. Clay Hardware & Supply Co.,* 110 W.Va. 63, 157 S.E. 35; 10 M.J., *Instructions,* § 41. Therefore, it is only necessary to consider Instruction 9A, the more complete instruction, in disposing of this assigned error.

The trial court gave as the reason for refusing to give this instruction that the plaintiff never saw the automobile which hit her, and if she did not see the car she could not yield the right of way, and the instruction did not fit the facts of the case. The plaintiff objected to this instruction, because it reversed the statutory duties set forth in the Code. Instruction No. 4, offered by the plaintiff and given by the court, contained the statutory duties in proper order. This instruction reads:

"The Court instructs the jury that every pedestrian crossing a roadway, at a point other than a marked cross-walk, shall yield the right-of-way to all vehicles upon the roadway. Nevertheless, every driver of an automobile shall exercise due care to avoid colliding with any pedestrian so crossing upon any roadway and shall give warning by sounding the horn when necessary.

"Therefore, if you believe from a preponderance of the evidence in this case that Nannie Kretzer was crossing a highway other than at a marked cross-walk and that the defendant Fletcher Stevens failed to exercise due care to avoid colliding with Nannie Kretzer or failed to give warning by sounding his horn, and that as a proximate result of his failure to do so, his automobile struck Nannie Kretzer and Nannie Kretzer was injured, then you may return a verdict in favor of Nannie Kretzer and against the defendants, unless you believe that Nannie Kretzer was guilty of contributory negligence which contributed proximately to her injury."

This instruction adequately covers the provisions of the sections of the statute involved in proper prospective under the facts involved in the instant case.

Ordinarily, a defendant may request an instruction couched in his own language if properly and aptly drawn. Instruction 9A is a binding instruction and instructs the jury that if the plaintiff attempted to cross the highway at a point other than a marked cross-walk and she failed to yield the right of way to the defendant then she

could not recover. The facts in the case presented here clearly indicate that when she started to cross the highway at the time the traffic light was red, the automobile operated by Stevens was not on Route 60. It was stopped at the intersection headed north on Main Street. When the light changed to red for Route 60 traffic and the plaintiff started to cross Route 60, the light changed to green for Main Street traffic, and the defendant drove across the eastbound lanes on Route 60, turned left into the inside lane heading west and drove about 64 feet before he struck the plaintiff. Defendant testified he never saw her until the impact.

The sections of the Code involved in the instructions in question did not change the rule previously established by this Court pertaining to vehicles and pedestrians on public highways. *Bower v. Brannon,* 141 W.Va. 435, 90 S.E.2d 342. Instruction No. 10, offered by the defendants and given by the court, properly and in detail covered the law under the facts of the case at bar, and, therefore, the jury was adequately instructed upon the defendants' theory pertaining to the law, and the court properly refused to give to the jury Instructions 9 and 9A offered by the defendants. Consequently, it was reversible error for the court to set aside the verdict of the jury and grant the defendants a new trial for refusing to give these two instructions.

It is the contention of the defendants in their cross-assignment of error that the plaintiff was guilty of contributory negligence as a matter of law, and that the trial court erred in not sustaining their motion to set aside the verdict and judgment entered thereon in favor of the plaintiff and to enter judgment in favor of the defendants, in accordance with their motion for a directed verdict made at the conclusion of all the evidence. The accident occurred when the plaintiff was about half-way across the westbound lane of Route 60. She said she looked to the left and did not see Stevens' automobile and when the light changed to red she started across the

highway. Stevens was not on Route 60 at the time the plaintiff started across the highway, and only turned onto Route 60 after the plaintiff started across the highway. A pedestrian is not required, when using a public highway, to be continuously looking to ascertain if vehicles are approaching and a failure to do so if he is injured will not be construed as negligence on his part as a matter of law. *Deputy v. Kimmell,* 73 W.Va. 595, 80 S.E. 919; *Skaff v. Dodd,* 130 W.Va. 540, 44 S.E.2d 621.

Ordinarily, where a pedestrian is injured as a result of being struck by an automobile in crossing the street, it presents a question for jury determination. It was held in point 3 of the syllabus of the case of *Stamper v. Bannister,* 146 W.Va. 100, 118 S.E.2d 313, that: "If the way appears clear to a pedestrian, he may proceed to cross a street or highway, and whether or not he is guilty of negligence in so doing is generally a question of fact for jury determination."

The fact that the plaintiff crossed the highway where there was no cross-walk, even if it was a violation of the statute, would not necessarily preclude recovery. It is true the violation of the statute and ordinances in such cases is prima facie negligence, but to preclude recovery it must be the natural and proximate cause of the injury, and such cases are usually questions for jury determination. This principle of law is succinctly stated in point 3 of the syllabus of the case of *Meyn v. Dulaney-Miller Auto Co.,* 118 W.Va. 545, 191 S.E. 558, wherein the following appears: "A pedestrian crossing a street between street crossings in violation of an ordinance, is not necessarily precluded from recovery. His violation of the ordinance is *prima facie* negligence, but to preclude recovery it must naturally and proximately result in his injury. This latter question is clearly within the province of the jury to solve."

It was indicated in the case of *Bower v. Brannon, supra,* that where a plaintiff is struck by a vehicle in the middle of the road the question of contributory negligence is

usually a matter for jury determination. The plaintiff stated that the defendant Stevens, the driver of the vehicle that struck her, said he was sorry; that the accident was all his fault, and, that he was speeding. This statement was not denied by Stevens when he testified. Therefore, it would clearly appear that he did not use due care under the circumstances by failing to keep a proper lookout.

Bobbie Chambers testified during the trial that she was driving east on Route 60, a four lane highway, and observed the plaintiff crossing the highway and reduced the speed of her car because she thought the plaintiff might continue to cross the highway and that she was prepared to stop and "let her go by". The facts in this case clearly distinguishes it from the cases of *Jackson v. Cockill,* 149 W.Va. 78, 138 S.E.2d 710, and *Brake v. Cerra,* 145 W.Va. 76, 112 S.E.2d 466, because in those cases the accident occurred at night on a long, straight stretch of the highway or street and the pedestrians could see for a great distance the headlights of the cars approaching and disregarded their own safety. The automobile that struck the plaintiff in the instant case was not on Route 60 at the time the plaintiff started across the highway. It therefore appears from the facts in the case at bar that the question of negligence and contributory negligence and proximate cause are questions for jury determination.

It was held in point 1 of the syllabus of the case of *Lewis v. McIntire,* 150 W.Va. 117, 144 S.E.2d 319, that: "When the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination." The trial court did not err in overruling the defendants' motion under Rule 50(b), R.C.P., to set aside the verdict and judgment entered for the plaintiff and enter judgment for the defendants.

The cross-assignment of error pertaining to the admission of evidence over the objection of the defendants as to the value of non-medical services gratuitously

rendered by the plaintiff's daughter is not well taken. Evidence on this matter was introduced by a qualified witness as to the reasonable charges for such services in that area. Although there is a conflict in the authorities with regard to this question, it has been held that an injured person could recover the value of nursing services rendered by members of the injured person's family. *Brosnan v. Sweetser,* 127 Ind. 1, 26 N.E. 555. It has also been held that the value of the nursing services rendered by the daughter of the injured person can be recovered in an action by the injured person. *Varnham v. Council Bluffs,* 52 Iowa 698, 3 N.W. 792. The general rule pertaining to this matter is stated in 22 Am. Jur. 2d, *Damages,* § 207, as follows: "The general rule is that a plaintiff who has been injured by the tortious conduct of the defendant is entitled to recover the reasonable value of medical and nursing services reasonably required by the injury. This is a recovery for their value and not for the expenditures actually made or obligations incurred. Thus, under this general rule, the fact that the medical and nursing services were rendered gratuitously to the one who was injured will not preclude the injured party from recovering the value of those services as a part of his compensatory damages."

For the reasons stated herein, the judgment of the Circuit Court of Wayne County is reversed, the verdict of the jury reinstated, and judgment for the plaintiff on the verdict is entered here by this Court.

> *Judgment reversed; verdict for the plaintiff reinstated; judgment rendered by this Court.*