Submitted on record and briefs April 10, reversed and remanded August 7, reconsideration denied September 13, petition for review denied November 26, 1985
(300 Or 332)

# AEBISCHER,
## *Appellant,*

*v.*

# REIDT,
## *Respondent.*

## (41-898; CA A34488)

704 P2d 531

See also, 692 P2d 128.

Eldon M. Rosenthal, and Rosenthal & Greene, P.C., Portland, filed the briefs for appellant.

Michael A. Lehner, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff was injured when the pickup truck he was driving was struck in a head-on collision on his side of the road by a car operated by Michael Smith, a teenager. Three other teenagers, including defendant Reidt, were passengers in Smith's vehicle at the time of the accident. Plaintiff sued Smith, Smith's parents, Ron White (another of Smith's passengers) and defendant. He settled his claims against Smith, Smith's parents and White. At the conclusion of plaintiff's evidence, the trial court granted Reidt a directed verdict. Plaintiff appeals. The only issue is whether there was any evidence from which a jury could conclude that Reidt was negligent as alleged.

The evidence most favorable to plaintiff establishes that the four teenagers met after school, at approximately 2 p.m. When they met, White possessed a fifth of liquor and Smith had some marijuana cigarettes. Reidt may also have had some marijuana at that time. The boys drove from school in Smith's car and began to consume the whiskey and Smith's marijuana. They smoked all of Smith's marijuana within one to one and one-half hours after leaving school and then purchased an additional $10 to $15 worth of marijuana, with funds contributed equally by Reidt, Smith and Taylor, the fourth passenger. They proceeded to Smith's house, where Smith obtained six 16-ounce beers. The boys drove to a place where they drank the whiskey and beer and smoked the marijuana in a "bong." White testified that it seemed that Smith consumed the most marijuana, because "he kept grabbing the bong" from Reidt, who kept refilling it. The boys drove to a friend's house, where they stayed for a short time, then continued driving to the scene of the accident. Smith was driving at 60 to 70 miles per hour in a 30-mile-per-hour zone just before the accident.

Plaintiff presented expert testimony that marijuana has similar effects on the body as alcohol, would increase the symptoms of alcohol intoxication and could impair driving ability. The expert conceded that neither the effect of marijuana nor the amount consumed can reliably be quantified. Although Smith's blood alcohol content was .172 percent after the accident, he testified that he did not feel "drunk" but "was feeling a little bit of a buzz from the marijuana."

Plaintiff's claim against Reidt alleged:

"At said time and place, and for approximately two-and-one-half hours preceding said time, Rick Reidt was negligent in one or more of the following particulars:

"1)  In providing marijuana to Michael E. Smith, a minor, when Rick Reidt knew that Michael E. Smith would be operating a motor vehicle;

"2)  In providing marijuana to Michael E. Smith to the extent that he became visibly intoxicated, and in continuing to provide marijuana to Michael E. Smith when Rick Reidt knew that Michael E. Smith would operate a motor vehicle while so intoxicated."

Plaintiff cites *Wiener v. Gamma Phi, ATO Frat.*, 258 Or 632, 485 P2d 18 (1971), in which the Supreme Court recognized the common law liability of a social host for the negligent provision of alcohol to minors when the host should know the minor would be driving. He contends that an analogous rule should apply to hold a person who provides marijuana to a minor or to a visibly intoxicated person liable to an injured third party when it is foreseeable that the intoxicated person would operate a car. Plaintiff also argues that defendant could be found liable as a joint tortfeasor whose conduct encouraged or assisted in the driver's negligence.

■        We do not think that this case is analogous to *Wiener,* because there is not a similar host-guest relationship in which the host arranges the party, invites guests and causes intoxicants to be served to them. 258 Or at 643. Nevertheless, we do think that plaintiff presented evidence from which a reasonable jury could find defendant liable, and we therefore reverse the directed verdict.

Restatement (Second) Torts § 876(b) (1979), provides:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

"* * * * *

"(b)   knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself * * *."

This principle has been accepted expressly in *Sprinkle v.*

*Lemley,* 243 Or 521, 414 P2d 797 (1966), and *Lemons v. Kelly,* 239 Or 354, 397 P2d 784 (1964). We conclude that a reasonable jury could find from plaintiff's evidence that defendant provided substantial assistance to Smith's negligent driving by continuing to refill the pipe and passing it to him, or knowing Smith would grab it from him, when he knew or should have known that the marijuana would contribute to Smith's intoxication and further impair his ability to drive. That evidence and the evidence that marijuana can impair driving ability and that Smith was affected by the marijuana was sufficient to present a jury question on Reidt's liability.

■      Defendant contends that plaintiff's joint tortfeasor theory is distinct from the negligence pled in his complaint and cannot be raised for the first time on appeal, citing *Blake v. Webster Orchards,* 249 Or 348, 437 P2d 757 (1968). *Blake* holds that, when a complaint alleges only the defendant's negligence, it is error to submit the case to the jury also on a strict liability theory. That case is not controlling here. Plaintiff's joint tortfeasor theory, which seeks to hold Reidt liable for substantially assisting Smith's negligence, is encompassed by his allegation that defendant was negligent in continuing to provide marijuana to Smith when he was visibly intoxicated, knowing that Smith would drive in that condition. The court erred in directing a verdict for defendant.

Reversed and remanded.