Argued and submitted November 2, 1987, reversed and remanded for further proceedings March 9, reconsideration denied May 6, petition for review allowed June 7, 1988

(306 Or 78)

SOLBERG,
*Plaintiff,*

*v.*

JOHNSON et al,
*Defendants.*

A.P. CORRAL, INC.,
dba Red Steer,
*Appellant,*

*v.*

HOWARD,
*Respondent.*

(A8407-03946; CA A41884)

750 P2d 1190

Thomas D. Adams, Portland, argued the cause for appellant. With him on the briefs were I. Franklin Hunsaker, Stephen F. English, Thomas D. Adams and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action against the Red Steer Tavern to recover for personal injuries sustained when the vehicle he was driving collided head-on with Johnson's vehicle, which had crossed the centerline. The complaint alleged that the accident was the result of Johnson's negligence in operating a vehicle while under the influence of intoxicants. It also alleged that the tavern was liable under *former* ORS 30.955,[1] for serving alcoholic beverages to Johnson when he was visibly intoxicated. The tavern settled with plaintiff and filed a third-party complaint against Howard, Johnson's stepfather, to collect the portion of the settlement payment allegedly attributable to Howard's negligence.[2] The ability to recover contribution from Howard depends on whether plaintiff could have recovered from Howard. ORS 18.440(1)[3].

The relevant complaint alleges: Howard knew or should have known that Johnson had a serious drinking problem, that he had been convicted of driving under the influence of intoxicants and that he had been involved in accidents when he had been drinking; Howard accompanied Johnson to three bars, including the Red Steer, and the two bought drinks for each other at each of the three bars; Howard "served" liquor to Johnson when he was visibly intoxicated; Howard was a "social host" under *former* ORS 30.955; he was negligent in serving alcoholic beverages to Johnson when he was visibly intoxicated, in violation of *former* ORS 30.955; and he was negligent in serving alcoholic beverages to Johnson when he knew or should have known that Johnson was visibly intoxicated and would operate a motor vehicle on a public highway.

---

[1] ORS 30.955 was repealed in 1987. Or Laws 1987, ch 774, § 14. Its substance was incorporated into ORS 30.950. Or Laws 1987, ch 774, § 13:

"No licensee, permittee or social host is liable for damages incurred or caused by intoxicated patrons or guests off the licensee, permittee or social host's premises unless:

"(1) The licensee, permittee or social host has served or provided the patron alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and

"(2) The plaintiff proves by clear and convincing evidence that the patron or guest was served alcoholic beverages while visibly intoxicated."

[2] The second amended judgment disposes of all the claims between all the parties. This appeal involves only the third-party complaint.

[3] ORS 18.440(1) provides, in part: "There is no right of contribution from a person who is not liable in tort to the claimant."

The trial court dismissed the complaint for failure to state a claim.

■■ The complaint is based on two theories of recovery: liability under *former* ORS 30.955 and common law negligence.c*Former* ORS 30.955 provided:

> "No private host is liable for damages incurred or caused by an intoxicated social guest unless the private host has served or provided alcoholic beverages to a social guest when such guest was visibly intoxicated."

The facts pled are that Howard and Johnson bought alcoholic beverages *for each other* at the tavern and that Howard bought alcoholic beverages for Johnson after he was visibly intoxicated. As a matter of law, those facts do not establish a guest-host relationship or that Howard "served" Johnson. They were "co-patrons" of the tavern. *See Aebischer v. Reidt,* 74 Or App 692, 695, 704 P2d 531, *rev den* 300 Or 332 (1985). The drinks were apparently served by the tavern's employes. The complaint does not state a claim for contribution under *former* ORS 30.955.[4]

■■ *Restatement (Second) Torts,* § 876(b) (1979), the substance of which has been adopted by the Supreme Court, *see Sprinkle v. Lemley,* 243 Or 521, 414 P2d 797 (1966), provides that one is subject to liability for harm resulting from the tortious conduct of another if he knows that the other's conduct is negligent and substantially assists or encourages the conduct. *Aebischer v. Reidt, supra.* The complaint alleges facts which would permit proof that Howard contributed to Johnson's intoxication when he knew or reasonably should have known that Johnson had a propensity to drive in a negligent manner when intoxicated and that he would drive. Proof of that conduct would support Howard's liability to plaintiff under a common law negligence theory, as explained in *Aebischer v. Reidt, supra.* The complaint is therefore sufficient to state a claim for contribution under a theory of common law negligence.

---

[4] We do not decide whether a claim could be stated against a private host under *former* ORS 30.955 merely because the place where the liquor is provided is a commercial liquor establishment.

Reversed and remanded for further proceedings not inconsistent with this opinion.