BAKER, JUDGE:
Claimant was operating his 1981 Honda motorcycle on U.S. Route 19 north, near Clarksburg, West Virginia, August 25, 1986, when his motorcycle crossed two drain holes in the road, forty-nine feet apart. Claimant lost control of the motorcycle and sustained damages of $2,600 to the motorcycle, and $6,900 in medical expenses and lost wages. Claimant contends that the accident was the result of negligent design and maintenance of the drain(s). Evidence established that the respondent is responsible for the described section of road, and this road had at the time of the accident, a square drain inlet with a depression of three to seven inches below *123 the surface, followed by a similar drain inlet. Respndent avers that the drains were not a hazard, and that claimant had notice of the condition, having driven the road daily during the last five years. Respondent aers that the drains were not a hazard, and that claimant had notice of the condition, having drien the road daily during the last five years. Respondent accordingly denies negligence, having no knowledge or complaints of the dangerousness of the described section of road. Respondent challenges both the eligibility of the claimant for damages, and the value of the damages asserted. Claimant argues that the collateral source rule bars consideration of prior payments.
This accident occurred ona "very clear morning" inAugust, according to claimant. He was so pleased with the favorable weather that he decided to ride his motorcycle to work. Leaving earlier than usual, claimant nevertheless followed the same route to work that he had used during the last five years. On the day of the accident, claimant was on the outside lane area when he crossed the first of two drain inlets. Testifying that the inlets were both too low below road surface, claimant said that the first inlet caused him to lose control of the motorcycle, and the second inlet less than twenty yards from the first, prevented him from regaining control, thereby causing the crash. The motorcycle was a total loss. Claimant suffered fractures, and alleged damage to a nerve that controls male sexual responsiveness. Claimant believes he is impotent as a result of the accident. The Court is asked to decide whether the drains were the proximate and actual cause of the accident. We determine this issue of fact and conclusion of law as follows:
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W. Va. 645, 46 S.E. 2d 81 (1947). For the respondent to be held liable for defects in road conditions, the claimánt must prove that the respondnet had actual or constructive notice of the condition, and a reasonable amount of time to take corrective action was given. It appears from the testimony of respondent's witness that respondent was or should have been aware that the described section of road could present an unreasonable risk of danger to motorcycle traffic. This witness, a road supervisor, testified that drains, four to six inches below (road) surface level, "should have been corrected." This witness further testified that the drains "should be about an inch below road surface." The drains involved were raised after the accident. It is therefore the finding of this Court that the drains were too low, and thereby caused an unreasonable danger to motorcycle traffic.
This Court also recognizes that the accident site has a posted 20 miles per hour speed advisory, and the claimant has testified to exceeding that limit when he said, "my sped was 25 miles per hour." An expert witness for the respondent counters that claimant was more likely traveling at twice that speed, as indicated by skid marks left at the accident scene. In either event, it appears to this Court that speed in excess of posted limits, a violation of statute, is involved. The West Virginia Supreme Court of Appeals has consistently held that "violation of statute is prima facie evidence of negligence." Price vs. Halstead, 355 S. E. 2d 380, 64 A.L.R. 4th 255 (1987).
Since negligence is imputed from the conduct of both claimant and respondent, this *124 claim is governed by the rule of comparative negligence. The rule in this State is that a party is not barred from recovering damages in a tort action so long as the negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the action. Michie's Jurisprudence, Negligence 27 at p. 339. Bradley vs. Appalachian Power Co., 163 W.Va. 332, 256 S.E.2d 879 (1979). It is the position of this Court that claimant was 50% negligent, and respondent was 50% negligent.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.