# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Crawford,**
**Plaintiff Below, Petitioner**

**vs)  No. 15-0786** (Kanawha County 15-C-566)

**Darrell Sigmon; Jeff Stinnett; Bobby Williams;**
**and West Virginia Division of Corrections,**
**an agency of the State of West Virginia; and**
**West Virginia Department of Transportation,**
**Division of Highways, an Agency of the**
**State of West Virginia,**
**Defendants Below, Respondents**

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Crawford, by counsel John H. Skaggs, appeals the order of the Circuit Court of Kanawha County, entered July 20, 2015, that granted respondents' Rule 12(b)(6) motion to dismiss petitioner's action brought pursuant to 42 U.S.C. § 1983 and under the Eight Amendment to the United States Constitution and Article III, § 5 of the West Virginia Constitution; and under the common law, for injuries he received while he was in the custody of the Department of Corrections and assigned to the Department of Transportation, Division of Highways, as a work-release inmate. Respondents Darrell Sigmon, Jeff Stinnett, Bobby Williams, the West Virginia Division of Corrections, and the West Virginia Department of Transportation, Division of Highways, by counsel Wendy E. Greve, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 27, 2012, petitioner, who was then a resident of the Charleston Work Release Center, signed a contract to serve as a work-release inmate pursuant to an agreement between Respondent West Virginia Department of Corrections and Respondent West Virginia Department of Transportation, Division of Highways. At that time, Respondent Jeff Stinnett was the director of the Charleston Work Release Center and Respondent Bobby Williams was the jobs coordinator at the Charleston Work Release Center.

On March 28, 2013, petitioner was on a Division of Highways work-release crew tasked with clearing brush along Corridor G in Kanawha County. Respondent Darrell Sigmon, a

1

Division of Highways employee, was the supervisor in charge of the work-release crew. At some point, petitioner opened a wood-chipper's clogged discharge chute to clear debris. When petitioner placed a stick into the wood-chipper, the stick and petitioner's hand were pulled in and some of petitioner's fingers were amputated.

On March 20, 2015, petitioner filed this action pursuant to 42 U.S.C. §1983. In his complaint, petitioner claims that respondents were deliberately indifferent to the substantial risk of serious harm caused by the wood-chipper and thereby violated his constitutional rights by subjecting him to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (stating that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment"). In response, respondents filed an answer denying petitioner's claims. Thereafter, respondents filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim for which relief could be granted. Following a June 17, 2015, hearing, the circuit court granted respondents' motion by order entered July 20, 2015. Petitioner now appeals the circuit court's order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). Furthermore, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). "The plaintiff's burden in resisting a motion to dismiss is a relatively light one, but he is required at a minimum to set forth sufficient information to outline the elements of his claim. If he fails to do so, dismissal is proper." *Price v. Halstead*, 177 W.Va. 592, 594, 355 S.E.2d 380, 383 (1987) (citation omitted).

On appeal, petitioner argues that the circuit court erred in finding that the facts alleged in his complaint failed to support his claims against respondents and that he thereby failed to state a claim for relief. Having thoroughly reviewed petitioner's complaint and the record on appeal in this matter, we find that the circuit court did not err in granting respondent's Rule 12(b)(6) motion because petitioner's complaint contains no specific allegation of wrongdoing by any of the five respondents; no allegations that any respondent committed any act of deliberate indifference; and no allegations that any respondent deprived petitioner of a constitutionally protected right.

The general rules of pleading and the rules for stating claims for relief are provided by Rule 8 of the West Virginia Rules of Civil Procedure.

> Rule 8 of the Rules of Civil Procedure requires clarity but not detail. Specifically, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In addition, Rule 8(e)(1) states, in part, that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is.

2

*McGraw*, 194 W.Va. at 776, 461 S.E.2d at 522. Further, "despite the allowance in Rule 8(a) that the plaintiff's statement of the claim be 'short and plain,' a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint [,]' *see Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993)[.]" *Id.*

With regard to the factual allegations in petitioner's complaint, they are wholly insufficient to support his claims against respondents even when viewed in the light most favorable to petitioner and as true. First and foremost, the complaint alleges *no* specific wrongdoing by *any* respondent. Instead, petitioner makes only the generalized allegations that respondents "acted in willful disregard of the constitutional protected rights of [petitioner]" and that his injuries were "as a result of the wrongful conduct of [respondents], acting jointly and severally." As for Respondent Jeff Stinnett and Respondent Bobby Williams, the only time they are mentioned in petitioner's complaint is when their job titles are provided. With regard to Respondent Darrell Sigmon, petitioner pleads only that he was a Division of Highways employee and petitioner's supervisor on the date of the accident. None of these "acts" are sufficient to support petitioner's claims for relief. Further, although petitioner does allege that the Division of Highways operated the wood chipper in a manner inconsistent with its operation manual, he does not plead that any of the respondents directed him to open the wood chipper or to clear the chute.

Additionally, in an action brought under 42 U.S.C. §1983, the plaintiff must show that the official who is alleged to have violated the plaintiff's constitutional rights was "subjectively aware of the risk." *Farmer,* 511 U.S. at 829. However,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. In this regard, the circuit court found that petitioner's complaint "does not set forth any requisite fact that would establish that the individual [respondents], or any of them, were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that [the respondent] actually drew such an inference." We concur with the circuit court's finding that petitioner failed to plead any such requisite facts.

Consequently, we find that petitioner's barebones complaint fails to satisfy the requirements of Rule 8(a)(2),[1] and, therefore, conclude that the circuit court did not err in

---

[1] Petitioner also claims that the circuit court applied an improper and heightened standard in reviewing petitioner's complaint. Given that we find that petitioner failed to meet the pleading standard set forth in Rule 8 of the West Virginia Rules of Civil Procedure, we need not address this argument further. We remind petitioner that this Court "is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support." *Murphy v. Smallridge*, 196 W.Va. 35, 36–37, 468 S.E.2d 167, 168–69 (1996). Petitioner also raises other assignments of error which we need not reach given our conclusion that the circuit court did not err in dismissing petitioner's complaint due to its failure to state a claim for which relief can be granted.

dismissing petitioner's complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

Accordingly, for the foregoing reasons, we affirm the circuit court's July 20, 2015, order dismissing petitioner's action.

Affirmed.

**ISSUED:** November 10, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis