BROWN v JONES

Docket No. 136433, 138972. Submitted November 9, 1992, at Grand
    Rapids. Decided June 21, 1993, at 9:00 A.M. Leave to appeal
    sought.

Helen L. Brown brought an action in the Wexford Circuit Court
    against James Jones, Jason Swanson, James D. Jennings, and
    others, seeking damages for injuries she suffered when an
    automobile driven by Robert Burton struck her automobile.
    The plaintiff alleged that Jones, Swanson, Jennings, Burton,
    and another, all minors, each contributed to the price of a
    bottle of liquor purchased for them by an adult, that the five
    minors consumed the liquor, and that Burton lost control of his
    automobile and injured the plaintiff as a result of intoxication
    from that liquor while driving Jones and Jennings home. The
    court, William R. Peterson, J., granted summary disposition for
    Jones, holding that he owed no duty to the plaintiff to protect
    her from Burton's negligent operation of his vehicle, that the
    joint purchase and consumption of the liquor did not constitute
    the furnishing of alcoholic liquor to a minor within the mean-
    ing of the Liquor Control Act, that the plaintiff failed to show
    that any violation of the Liquor Control Act was a proximate
    cause of the plaintiff's injuries, and that there was no joint
    enterprise in effect at the time the accident occurred. The
    court, Charles Corwin, J., granted summary disposition for
    Swanson and Jennings on similar bases. The plaintiff appealed
    by leave granted the order with respect to Jones and appealed
    as of right the order with respect to Swanson and Jennings.
    The appeals were consolidated.

    The Court of Appeals held:

    1. Because the plaintiff failed to allege sufficient facts to
    establish a special relationship between Jones and Jennings
    and either Burton or herself, she failed to plead a duty by those
    defendants to protect her from Burton's negligent operation of
    his automobile. In the absence of the pleading of such a duty,

REFERENCES

Am Jur 2d, Negligence §§ 89 et seq., 666, 726, 731, 767, 769.
See ALR Index under Children; Degree and Standard of Care;
    Negligence.

the dismissal of the negligence claim against Jones and Jennings was proper.

2. Minors who jointly contribute to the purchase price of alcoholic liquor' and then share in the consumption of the liquor after it has been purchased on their behalf by an adult cannot be said to have given or furnished alcohol to a minor within the meaning of § 33 of the Liquor Control Act, MCL 436.33; MSA 18.1004. Accordingly, because it cannot be said that Jones, Swanson, and Jennings gave or furnished alcohol to Burton within the meaning of the statute, the dismissal of the claims against those three defendants, insofar as the claims were based on an alleged violation of the provisions of § 33, was proper.

3. Section 33a of the Liquor Control Act, MCL 436.33a; MSA 18.1004(1), prohibiting a minor from transporting or possessing alcohol in a motor vehicle, applies only to the driver of the vehicle. Because neither Jones, Swanson, nor Jennings was the driver of the vehicle, liability on the basis of a violation of § 33a was not established with respect to them.

4. There was no credible evidence pleaded that would establish that the transportation, possession, or consumption of alcohol by Jones, Swanson, or Jennings at times and places remote from the accident was a proximate cause of the accident and the plaintiff's injuries. The dismissal of the claims insofar as they rested on such transportation, possession, or consumption was proper.

5. Because any community of interest in using Burton's vehicle to acquire and consume the alcohol ended long before the accident, and there was no evidence that Burton was acting as the agent of Jones, Swanson, or Jennings or that they had an equal right of control of Burton's vehicle, the dismissal of the claim based on the theory of joint enterprise was proper.

Affirmed.

CONNOR, J., dissenting, stated that it was error to grant summary disposition of the claim based on violation of § 33 of the Liquor Control Act, because the joint contribution to the purchase price and the sharing of the alcohol by those minors constitutes a violation of that section and a jury could have found that the violation was a proximate cause of the accident and the plaintiff's injuries.

1. NEGLIGENCE — DUTY — SPECIAL RELATIONSHIPS.
      As a general rule, there is no duty to protect an individual who is endangered by the conduct of a third person, but a duty of reasonable care may arise where one stands in a special rela-

tionship with either the victim or the person causing the injury.

2. Intoxicating Liquors — Minors — Liquor Control Act.

Minors who jointly contribute to the purchase price of alcoholic liquor they then *jointly consume are not in violation of the* prohibition in the Liquor Control Act against the giving or furnishing of alcoholic liquor to a minor (MCL 436.33; MSA 18.1004).

3. Intoxicating Liquors — Minors — Automobiles — Liquor Control Act.

The section of the Liquor Control Act prohibiting minor drivers from transporting or possessing alcoholic beverages in a motor vehicle applies only to drivers of vehicles, not passengers (MCL 436.33a; MSA 18.1004[1]).

*Walz & Warba, P.C.* (by *Mark J. Warba*), for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Michael E. Menkes*), for James Jones.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Thomas G. Herman*), for Jason Swanson.

*Plunkett & Cooney, P.C.* (by *Gretchen L. Olsen*), for James D. Jennings.

*Sullivan, Crowley & Smith, P.C.* (by *Randy H. Smith*), for Evergreen Tree Corporation.

Before: MacKenzie, P.J., and Griffin and Connor, JJ.

MacKenzie, P.J. In No. 136433, plaintiff appeals by leave granted from an order granting summary disposition in favor of defendant Jones pursuant to MCR 2.116(C)(8) and (10). In No. 138972, plaintiff appeals as of right from an order of dismissal in favor of defendants Swanson and Jennings. We affirm in both cases.

Plaintiff was injured when her automobile was
struck by a vehicle driven by Robert Anthony
Burton.

On the day of the accident, Burton and defen-
dants Jones, Swanson, and Jennings, along with
Tonya Schaffer—all five of whom were minors—
each contributed one dollar toward the purchase of
a fifth of schnapps in order to celebrate Burton's
seventeenth birthday. Jeff Lyle, who was at least
twenty-one years of age, bought the alcohol and
gave it to the minors. Sometime after 6:00 P.M.,
the minors drank the fifth of schnapps in Burton's
car and at their workplace.

Burton left work at approximately 9:00 P.M.
After a series of short stops, he, along with passen-
gers Jones and Jennings, proceeded to drive home.
At approximately 9:45 P.M., Burton lost control of
the car and struck plaintiff's car.

As relevant to these appeals, plaintiff's com-
plaint alleged three theories of liability against
Jones, Swanson, and Jennings: (1) negligence; (2)
violations of the Liquor Control Act, specifically
MCL 436.33; MSA 18.1004, MCL 436.33a; MSA
18.1004(1), MCL 436.33b; MSA 18.1004(2), MCL
436.34; MSA 18.1005, and MCL 436.34a; MSA
18.1005(1); and (3) joint enterprise liability. All
three theories against these three defendants were
rejected and orders of summary disposition were
entered in favor of Jones and in favor of Jennings
and Swanson by separate judges.

On appeal, plaintiff first contends that the trial
judges erred in dismissing her negligence claims
against defendants Jones and Jennings, who were
Burton's minor passengers at the time of the
collision. We disagree. Plaintiff's theory was essen-
tially that Jones and Jennings owed her a duty to
protect her from Burton's conduct. However, as a
general rule there is no duty to protect an individ-

ual who is endangered by the conduct of a third person. *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988). Although a duty may arise where one stands in a special relationship with the victim or the person causing the injury, *Sierocki, supra* at 434, in this case plaintiff failed to allege sufficient facts in her complaint to establish the existence of such a special relationship between the passengers and herself or Burton. Thus, we find no error in the trial judges' decisions that Jones and Jennings did not owe plaintiff a duty to protect her from Burton. In the absence of such a duty, plaintiff's negligence theory was properly rejected. See *Sierocki, supra* at 433.

Plaintiff next argues that the trial judges erred in granting these three defendants' motions for summary disposition of plaintiff's statutory claims under the Liquor Control Act. Again, we disagree.

Section 33 of the Liquor Control Act, MCL 436.33; MSA 18.1004, provides that "[a]lcoholic liquor shall not be sold or furnished" to a minor. The public policy of this state is that persons under twenty-one years of age should not possess alcohol for personal consumption and that other persons should be prohibited from selling or giving away alcohol to those under twenty-one years of age. See *Longstreth v Gensel,* 423 Mich 675, 682; 377 NW2d 804 (1985). MCL 436.33; MSA 18.1004 addresses the latter principle. *Longstreth, supra* at 686. Here, these three defendants and Burton were clearly underage possessors of alcohol for their own consumption. We are not prepared to say that they "gave" or "furnished" alcohol to themselves, however. Instead, the five minors, including Burton, each contributed toward and consumed a share of the liquor that was furnished to them by Lyle. Because alcohol was furnished to Burton by someone other than these defendants, MCL 436.33;

MSA 18.1004 does not apply to them. We find no error in the trial judges' decisions to grant summary disposition of this claim.

Plaintiff's claims against these three defendants under MCL 436.33a; MSA 18.1004(1) were also properly dismissed. The statute, which prohibits minors from transporting or possessing alcohol in a motor vehicle, applies only to the driver of an automobile. *Sneath v Popiolek,* 135 Mich App 17, 23; 352 NW2d 331 (1984). It is undisputed that none of these defendants was driving the car that struck plaintiff.

Plaintiff's complaint also alleged liability by reason of these three defendants' violations of §§ 33b, 34, and 34a of the Liquor Control Act. At the time of this case, these sections provided in relevant part:

> A person less than 21 years of age shall not purchase alcoholic liquor, consume alcoholic liquor in a licensed premises, or possess alcoholic liquor . . . . [MCL 436.33b(1); MSA 18.1004(2)(1).]
>
> No alcoholic liquor shall be consumed on the public highways. [MCL 436.34; MSA 18.1005.]
>
> A person shall not transport or possess any alcoholic liquor in a container which is open, uncapped, or upon which the seal is broken, within the passenger compartment of a vehicle on the highways of this state. [MCL 436.34a; MSA 18.1005(1).]

As noted above, it is undisputed that these three defendants were in possession of alcohol at some point before the collision that injured plaintiff. There was also some evidence that, if found credible, could show that approximately three hours before the accident these defendants consumed alcohol and transported an open container of alcoholic liquor on a public road. Nevertheless, there

is no evidence that these defendants' conduct was a proximate cause of plaintiff's injuries. None of these defendants was the driver of the car that struck plaintiff, defendant Swanson was not present when the accident occurred, and there was no evidence that defendants Jennings or Jones, who were passengers in Burton's car, had alcohol in the car at the time of the accident. If reasonable minds could not differ regarding the proximate cause of a plaintiff's injury, the court should rule as a matter of law. *Mascarenas v Union Carbide Corp,* 196 Mich App 240, 251; 492 NW2d 512 (1992). We find no error in the trial judges' dispositions of these claims.

Finally, plaintiff contends that the trial judges erred in granting summary disposition in favor of these defendants with regard to plaintiff's joint enterprise theory of liability. Again, we find no error. In *Troutman v Ollis,* 164 Mich App 727, 734; 417 NW2d 589 (1987), this Court recognized the concept of joint enterprise in the context of automobile negligence cases, quoting *Farthing v Hepinstall,* 243 Mich 380, 382; 220 NW 708 (1928):

> To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger.

A joint enterprise will be found only where it can

be shown that every member of the group has management and control of the enterprise, each member of the group has a right to be heard, and each has an equal right of control and joint responsibility for decision making and expenses. *Boyd v McKeever,* 384 Mich 501, 504; 185 NW2d 344 (1971); anno: *Passenger's liability to vehicular accident victim for harm caused by intoxicated motor vehicle driver,* 64 ALR4th 272. Here, as the trial judges found, any community of interest in using Burton's vehicle to obtain and consume alcohol had ended long before the collision occurred. Further, at the time of the accident, there was no evidence that Burton was an agent of these defendants, or that these defendants had an equal right of control over the vehicle. Under these circumstances, the trial judges' decisions to grant summary disposition in favor of these defendants was proper.

Affirmed.

Griffin, J., concurred.

Connor, J. *(dissenting in part).* I would find that error occurred in the lower court by the granting of these three defendants' motions for summary disposition of plaintiff's cause of action under § 33 of the Liquor Control Act, MCL 436.33; MSA 18.1004.

The Supreme Court held in *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), that the act "involves the public health, safety, and morals," *id.* at 683, and "any person who violates its terms is guilty of a misdemeanor," *id.* at 685. The Court made it clear that the specific provisions within the act should be broadly construed, including the definitions of terms used in the act. *Id.* at 683.

It was held in the lower court that § 33 did not

apply to minors who furnish alcohol to other minors. Although this finding was not addressed by the majority opinion, it is clearly erroneous in light of *Longstreth*. The Supreme Court held that the act was meant to apply to any and all persons who violate its terms. *Id.* at 683. Clearly, an individual under the age of twenty-one fits within this broad definition.

It was also found in the lower court, and the majority opinion agrees, that the minor defendants did not "furnish" alcohol within the meaning of that term as used in the statute. I believe this finding is also clearly erroneous.

Under the act, the term "sale" is defined as including "exchange, barter or traffic, or the *furnishing or giving away* of any alcoholic liquor." *Id.* at 683 (emphasis added); see MCL 436.2n; MSA 18.972(14). All persons who furnish or give alcohol to minors are subject to liability for resulting harm.

According to the evidence, the minor defendants formed a joint venture to purchase alcoholic beverages. In effect, each furnished alcohol to the others, and did so illegally, because all were minors. Furthermore, each minor defendant aided and abetted the adult defendant Lyle in the commission of a misdemeanor by contributing a portion of the total amount necessary to purchase the liquor, in violation of the statute. By obtaining alcoholic beverages and sharing it among themselves, the minors were civil conspirators in violation of the act. If the trier of fact is satisfied from the evidence that the accident was proximately caused by a diminution in Burton's physical faculties by reason of alcohol consumption to which each minor defendant contributed, each could be held liable for plaintiff's injuries, and the purpose of the statute would be served.