675 A.2d 334

**Robert W. WELC, Administrator of the Estate of Kerri Ann Welc, Deceased; and Robert W. Welc and Mary Ann Welc, as Individuals and Parents of Kerri Ann Welc, Deceased, Appellants,**

v.

**Christopher Ryan PORTER and Julie Porter and Danny Book McGee.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1995.

Filed April 19, 1996.

114

William M. Radcliffe, Uniontown, for appellants.

Monica Maghrak, Pittsburgh, for McGee, appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final order of the trial court which sustained appellee's preliminary objections in the nature of a demurrer and dismissed him from the case. The sole issue presented for our review is whether a minor passenger owes a duty of care to a third-person who is injured as a result of the negligent conduct committed by the driver of the vehicle in which the passenger is riding. For the reasons set forth below, we affirm.

Before addressing this issue, it is necessary to briefly recount the pertinent facts giving rise to this appeal. This case has its genesis in an automobile collision which occurred on April 1, 1994. Two vehicles were involved in the accident; one was operated by Christopher Porter, the other by George Bortz, IV. Appellee, Danny McGee, was a passenger in Porter's truck.[1] Shelley Bortz and Kerri Ann Welc were passengers in Bortz' car and were severely injured in the crash. Welc's injuries were ultimately fatal.

Appellants, Robert and Mary Ann Welc, thereafter instituted wrongful death and survival actions against Christopher

---

1. The truck driven by Christopher Porter was owned by his mother, Julie. Porter apparently operated the truck with his mother's permission. Prior to the accident, Porter and McGee, who were minors, provided a third minor with money for the purpose of purchasing beer from the Route 51 Beer Distributor. The boys then consumed the beer.

and Julie Porter.[2] The Welcs later amended their complaint to include separate causes of action against McGee. McGee filed preliminary objections in the nature of a demurrer. The trial court sustained the objections and dismissed the complaint against McGee.

The Welcs appealed the trial court's interlocutory order; this appeal was later discontinued. The Welcs thereafter requested that the trial court amend its order to include the express determination of finality in accordance with Pa.R.A.P., Rule 341, 42 Pa.C.S.A., so that the order could be appealed. The trial court granted the application and entered an amended order on May 15, 1995. Appellants timely appealed therefrom.[3]

■ Appellants challenge the trial court's decision to grant the demurrer. In determining whether the objections were properly sustained:

We must accept all material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom as true. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995) (citations omitted). *Accord Clayton v. McCullough*, 448 Pa.Super. 126, 128–129, 670 A.2d 710, 712 (1996). We will evaluate appellant's arguments and the trial court's decision with this standard in mind.

■ Appellants' causes of action sound in negligence. To adequately set forth a cause of action in negligence appellants

2. Shelley Bortz commenced a separate action against the Porters, McGee and the beer distributor. McGee filed preliminary objections and was dismissed from Bortz' action. Both Bortz and McGee appealed therefrom; their appeals are respectively pending before this court at No. 00971 Pittsburgh 1995 and No. 01099 Pittsburgh 1995.

3. McGee filed a separate appeal, docketed at No. 01098 Pittsburgh 1995, from this order. McGee also filed a motion to quash the Welcs' appeal; his motion was denied. A motion to consolidate all of the parties' appeals was likewise denied.

must demonstrate, *inter alia*, that appellee owed the decedent a duty of care which is recognized by law and that he breached this duty. *Alumni Association v. Sullivan*, 524 Pa. 356, 360, 572 A.2d 1209, 1210–1211 (1990); *Clayton v. McCullough*, 448 Pa.Super. at 129, 670 A.2d at 712. With regard to the question of whether a recognized duty of care exists, appellants have not referred us to any Pennsylvania cases, nor has our own research uncovered any such authority, in which a minor passenger of a vehicle has been held liable for injuries sustained by a third-person as a result of the driver's negligent operation of the vehicle.

We are not wholly bereft of guidance in this matter, however, as there are a few appellate decisions which have considered the duties owed by adults and minors to third-persons. This court has also had the opportunity to consider the duty which a passenger owes to a third-person. A review of these cases is therefore instructive.

Our Supreme Court has held that there can be no liability on the part of an adult social host who serves alcoholic beverages to his or her adult guests even though the host may know that the guest will drive while intoxicated. *Klein v. Raysinger*, 504 Pa. 141, 148, 470 A.2d 507, 510–511 (1983). This holding was subsequently applied to situations involving minors. Consequently, the Supreme Court has determined that a minor does not owe a duty to another minor regarding the furnishing or consumption of alcohol. *Kapres v. Heller*, 536 Pa. 551, 557, 640 A.2d 888, 891 (1994). The Court has further indicated that a minor who furnishes alcohol to another minor is not liable to third-parties injured by the intoxicated minor. *See Sperando v. Commonwealth, Department of Transportation*, 537 Pa. 352, 352, 643 A.2d 1079, 1079 (1994) (reversing, based on *Kapres v. Heller*, the Commonwealth Court's decision that a minor was liable to a third-person who was injured as a result of his provision of alcohol to the minor driver). This court has also recognized that an adult passenger does not owe a duty to a third-person where the driver of the vehicle in which he is riding is intoxicated. *Clayton v. McCullough*, 448 Pa.Super. at 130–131, 670 A.2d at 713.

In light of the above decisions, it is clear that liability cannot be imposed against appellee based on his participation in the procurement and ingestion of alcoholic beverages with Christopher Porter. *See Kapres* and *Sperando, supra.* Moreover, it would be anomalous for this court to find that appellee, who was a minor at the time of the accident, owed a duty to appellant based on his status as a passenger in the vehicle when a similar duty has been deemed lacking on the part of an adult passenger. We thus conclude that appellee owed no duty to the decedent. Our holding is consistent with the decisions of our sister states which have generally acknowledged that absent the existence of a special relationship, joint enterprise, joint venture or a right to control the vehicle, a passenger owes no duty to protect third-persons or other passengers from the negligent acts of the driver. *See, e.g., Dennison v. Klotz,* 12 Conn.App. 570, 578, 532 A.2d 1311, 1317 (1987), *cert. denied,* 206 Conn. 803, 535 A.2d 1317 (1988); *Akins by and through Akins v. Hamblin,* 237 Kan. 742, 743, 745–746, 703 P.2d 771, 773–774, 776 (1985); *Sanke v. Bechina,* 216 Ill.App.3d 962, 963–964, 160 Ill.Dec. 258, 259, 576 N.E.2d 1212, 1213 *appeal denied,* 142 Ill.2d 665, 164 Ill.Dec. 928, 584 N.E.2d 140 (1991); *Danos v. St. Pierre,* 383 So.2d 1019, 1022 (La.App.1980), *affirmed,* 402 So.2d 633, 637 (La.1981); *Brown v. Jones,* 200 Mich.App. 212, 215–216, 503 N.W.2d 735, 736–737, *appeal denied,* 444 Mich. 909, 512 N.W.2d 318 (1993); *Olson v. Ische,* 343 N.W.2d 284, 288 (Minn.1984); *Lind v. Slowinski,* 450 N.W.2d 353, 356–357 (Minn.App.), *review denied* (2/21/90); *Cecil v. Hardin,* 575 S.W.2d 268, 270 (Tenn. 1978); *Hale v. Allstate Insurance Co.,* 639 P.2d 203, 205 (Utah 1981); *Price v. Halstead,* 177 W.Va. 592, 597, 355 S.E.2d 380, 385–386 (1987).

■ Appellants nonetheless urge us to hold appellee liable pursuant to the concert of action theory set forth in the Restatement (Second) of Torts § 876(a) and (b) (1977). Although these provisions have been addressed by this court, *see, e.g., Goldberg v. Delta Tau Delta v. Goldberg,* 418 Pa.Super. 207, 215–216, 613 A.2d 1250, 1254–1255 (1992), *allocatur denied,* 534 Pa. 639, 626 A.2d 1158 (1993) and *Jefferis v.*

*Commonwealth,* 371 Pa.Super. 12, 18–19, 537 A.2d 355, 358–359 (1988), these pronouncements are not controlling as the discussions either did not command a majority or constituted *dicta.* Moreover, these sections heretofore have not been expressly adopted. *Clayton v. McCullough,* 448 Pa.Super. at 130–131, 670 A.2d at 713; *Cummins v. Firestone Tire & Rubber Co.,* 344 Pa.Super. 9, 22, 495 A.2d 963, 970 (1985). We need not decide whether to adopt section 876 of the Restatement because appellants have failed to set forth sufficient facts which justify the imposition of liability on this basis.

The Restatement provides, in relevant part:

**§ 876 Persons Acting in Concert**

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he: (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself. . . .

Restatement (Second) of Torts, § 876(a) and (b) (1977). Several other states have had the opportunity to consider whether to impose liability upon a minor or adult individual under section 876(b). In those jurisdictions which permitted recovery, all involved situations where the plaintiff pled or proved facts which clearly demonstrated that the passenger or defendant actively encouraged the driver to commit the tortious conduct. *See, e.g., Cobb v. Indian Springs, Inc.,* 258 Ark. 9, 17, 522 S.W.2d 383, 387 (1975) (substantial encouragement or assistance in the driver's tortious conduct could be found where the defendant was respected as an authority figure by the minor driver and he encouraged him to demonstrate the vehicle's performance ability); *Sanke v. Bechina,* 216 Ill. App.3d at 964–965, 971, 160 Ill.Dec. at 260–261, 264, 576 N.E.2d at 1214–1215, 1218 (passenger's encouragement that driver ignore a stop sign and exceed the posted speed limit fell squarely within the conduct contemplated by section 876); *Cooper v. Bondoni,* 841 P.2d 608, 611–612 (Okl.Ct.App.), *cert. denied* (11/17/92) (minor passengers gave substantial assis-

tance and encouragement to minor driver's negligent operation of his vehicle where they provided him with alcoholic beverages and urged him to pass a truck while climbing a hill in a no-passing zone); *Aebischer v. Reidt,* 74 Or.App. 692, 696, 704 P.2d 531, 532, *review denied,* 300 Or. 332, 710 P.2d 147 (1985) (minor passenger gave substantial assistance and encouragement to minor driver's operation of his vehicle in an impaired condition by continuously refilling a marijuana pipe and permitting him to smoke therefrom); and *Price v. Halstead,* 177 W.Va. at 600, 355 S.E.2d at 389 (passenger's conduct substantially assisted or encouraged the driver's continued use of alcohol and drugs by providing these substances to him while he drove the vehicle). In comparison, liability has not been imposed in those jurisdictions where it was established that the passengers were merely companions who did nothing to substantially encourage or assist the driver in his or her voluntary consumption of alcohol and operation of the vehicle while intoxicated. *See, e.g., Cully v. Bianca,* 186 Cal.App.3d 1172, 1178, 231 Cal.Rptr. 279, 282–283 (1986) [4] (other than passengers' accompaniment of driver after they obtained and drank tequila, the plaintiff pointed to no facts indicating that the passengers gave substantial assistance and encouragement to the driver); *Slicer v. Quigley,* 180 Conn. 252, 260, 429 A.2d 855, 859 (1980) [5] (aside from the minor passenger's actions in drinking and driving with driver for two hours before the accident, there was no evidence that the passenger had given substantial assistance or encouragement to the driver to drive while intoxicated); *Stock v. Fife,* 13 Mass.App. 75, 82 n. 10, 430 N.E.2d 845, 849–850 n. 10, *review denied,* 385 Mass. 1103, 441 N.E.2d 1043 (1982) (facts did not permit recovery under section 876 where there was no showing that the passengers forced, pressured, or induced the driver to drink); *Olson v. Ische,* 343 N.W.2d at 289 (the kind of substantial encouragement needed to impose liability under

**4.** As noted in *Baker v. Sudo,* 194 Cal.App.3d 936, 942–943, 240 Cal. Rptr. 38, 42, *review denied* (12/2/87), *Cully* was superseded by statute on other grounds.

**5.** *Ely v. Murphy,* 207 Conn. 88, 95, 540 A.2d 54, 58 (1988) overruled *Slicer* on other grounds.

section 876 was not present where the driver and passenger each drank voluntarily and the passenger accompanied the driver on his trip); *Lind v. Slowinski,* 450 N.W.2d at 357 (passengers did not give substantial assistance and encouragement to the driver where the passengers' and driver's consumption of alcohol was entirely voluntary); *Cecil v. Hardin,* 575 S.W.2d at 272–273 (passenger's conduct in voluntarily consuming alcohol with the driver and in acquiescing in the driver's decision to drive his own car fell far short of the substantial encouragement and assistance required to justify liability under section 876). *See also Clayton v. McCullough,* 448 Pa.Super. at 131, 670 A.2d at 713 (no recovery was possible under section 876 where there were no factual averments indicating that the passenger gave substantial assistance or encouragement to the driver to engage in tortious conduct).

■ As made plain by the language of section 876(b) and the authorities which have applied it, an individual who is simply a passenger in a vehicle operated by a driver who has voluntarily ingested alcohol cannot be held responsible for the driver's negligent conduct. Rather, liability can only be imposed where a plaintiff avers sufficient facts indicating that the passenger substantially assisted or encouraged the driver's tortious conduct. In this case, appellants seek to recover from appellee because he and Porter procured and voluntarily drank beer while Porter drove his mother's truck. However, appellants do not aver that appellee engaged in any conduct that substantially assisted or encouraged Porter to consume alcohol and operate his vehicle in a negligent or reckless manner. Appellants therefore cannot recover under section 876(b) of the Restatement.

■ We reach a similar conclusion with regard to appellants' attempt to assert a cause of action pursuant to section 876(a). To establish that the driver and passenger acted in concert, it must be shown that they acted in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result. *See* Restatement (Second) of Torts, Section 876(a), comment a. As previously discussed,

appellants alleged that appellee and Porter voluntarily drank beer and that Porter drove his mother's truck in a negligent manner. These facts do not present the type of situation where it can be said that the driver and passenger acted in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result. *See, e.g., Stock v. Fife,* 13 Mass.App. at 82 n. 10, 430 N.E.2d at 849–850 n. 10; *Olson v. Ische,* 343 N.W.2d at 289; *Clayton v. McCullough,* 448 Pa.Super. at 131–132 n. 1, 670 A.2d at 713 n. 1 (all of which found the facts insufficient to set forth a cause of action under section 876(a) where the passengers and drivers voluntarily consumed alcohol and the passengers merely accompanied the drivers at the time of the accidents).

 Appellants further argue that we should recognize a cause of action under section 877 of the Restatement (Second) of Torts. Again, we need not decide whether to adopt this provision because appellants' factual averments are insufficient to set forth a cause of action on this theory. Section 877 provides, in relevant part:

### § 877 Directing or Permitting Conduct of Another

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he: (a) orders or induces the conduct, if he knows or should know of circumstances that would make the conduct tortious if it were his own. . . .

Restatement (Second) of Torts, § 877(a) (1977). Appellants have failed to set forth any facts which show that appellee ordered or induced Porter to drink beer and drive while in an intoxicated state. Therefore, no liability can exist pursuant to section 877(a). *See Clayton v. McCullough,* 448 Pa.Super. at 131–132 n. 1, 670 A.2d at 713 n. 1 (facts indicating that intoxicated driver was taking passenger to a particular destination at the passenger's request were insufficient to justify the imposition of liability under section 877).

 Appellant next posits that liability should be imputed to appellee based on an agency or joint enterprise theory.

With regard to the imposition of liability on this basis, our Supreme Court has observed:

It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases, the test is ... [whether] the passenger ha[d] a right to share in the control of the vehicle[.] Responsibility is commensurate with authority.... Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.

*Rodgers v. Saxton,* 305 Pa. 479, 488, 158 A. 166, 169 (1931). This court has also noted that, to establish a joint enterprise, it is not sufficient to prove that parties were merely riding together or that one had accepted a ride for pleasure or that there existed some common purpose between the driver and passenger to be served in the use of the vehicle. *Baugh v. McCallum,* 140 Pa.Super. 276, 280, 14 A.2d 364, 367 (1940).

In connection with their agency theory, appellants averred that an agency relationship existed because Porter was driving appellee home at the time of the accident. Bald allegations of agency are conclusions of law which we are not required to accept as true in evaluating the propriety of the demurrer. *Scarpitti v. Weborg,* 530 Pa. 366, 368, 609 A.2d 147, 148 (1992); *Clayton v. McCullough,* 448 Pa.Super. at 132, 670 A.2d at 713. Moreover, agency cannot be inferred from the mere fact that one does an act for another. *Clayton v. McCullough,* 448 Pa.Super. at 132–133, 670 A.2d at 714. The fact that Porter agreed to drive appellee home is thus insufficient to prove agency.

Appellants' joint enterprise theory likewise fails. Appellants allege that a joint enterprise existed because the boys

shared a common purpose in drinking and driving and because appellee had a right to control the operation and direction of Porter's truck. As indicated above, a common purpose, in and of itself, is insufficient to establish the existence of a joint enterprise. *Baugh v. McCallum, supra.* Rather, the test is whether the parties had a right of equal control. *Rodgers v. Saxton, supra.* We will accordingly focus on the right of control of the vehicle rather than upon the boys' common purpose.

Regarding the assertions of joint control, these allegations are conclusions of law which are not supported by any factual averments. We are not required to accept appellant's conclusions of law. *Scarpitti v. Weborg* and *Clayton v. McCullough, supra.* Further, the fact that appellee drove the truck earlier in the evening with Porter's permission simply does not give rise to an inference that appellee had a right to control the operation and direction of the truck at the time of the collision.

The complaint demonstrates that appellee and Porter each consumed alcohol to the point of intoxication while on a pleasure ride. Although this conduct might be considered morally reprehensible, it does not justify the imposition of liability on appellee pursuant to a joint enterprise theory. *See Danos v. St. Pierre,* 383 So.2d at 1022; *Stock v. Fife,* 13 Mass.App. at 80–84, 430 N.E.2d at 849–851; *Brown v. Jones,* 200 Mich.App. at 219, 503 N.W.2d at 738; *Olson v. Ische,* 343 N.W.2d at 288–289; *Cecil v. Hardin,* 575 S.W.2d at 271–272; *Price v. Halstead,* 177 W.Va. at 596, 355 S.E.2d at 385 (all of which declined to find that a joint enterprise existed where, as here, the facts demonstrated that the minor or adult passengers voluntarily consumed alcoholic or other intoxicating substances with the driver while pleasure riding).

In sum, we conclude with certainty that appellants have no right of recovery against appellee under Pennsylvania law. The trial court's grant of appellee's preliminary objections and dismissal of the complaint against him was therefore proper. Finding no basis on which to disturb the decision of the lower court, we affirm.

Order affirmed.