# Cruz v. Roberts

C.P. of Lancaster County, no. CI-04-01947.

*I. Steven Levy, Mary E. Dixon* and *Christopher E. Ballod,* for plaintiff.

*Stephen L. Banko Jr.,* for defendants Roberts, Herman and Herman's Day Care Center.

*Stephen W. Cody,* for defendant Beiler.

PEREZOUS, *J.,* January 26, 2005—This matter is before the court on preliminary objections filed by the defendants, Dorothy M. Roberts and Harriet A. Herman, individually and t/d/b/a Herman's Day Care Center, Herman's Day Care Center and Benuel F. Beiler, against the amended complaint of the plaintiffs, Mary Cruz, in her own capacity and on behalf of her minor daughter, Elizabeth Sanchez. Specifically, defendants contend that: (1) Counts IX and X of plaintiffs' amended complaint, alleging breach of contract, are redundant and should be stricken pursuant to Pa.R.C.P. 1028(a)(2); (2) Counts XVII and XIX, alleging intentional and negligent inflic-

tion of emotional distress, respectively, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for failure to state a claim upon which relief can be granted; (3) Count XX, alleging tortious aiding and abetting, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for failure to state a claim upon which relief can be granted; (4) Counts XI, XII, XIII and XIV, alleging intentional and negligent misrepresentation, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) because plaintiffs failed to allege the necessary elements for each cause of action; and (5) Count XVI, alleging a violation of the Unfair Trade Practices and Consumer Protection Law, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for being insufficient as a matter of law. For the reasons that follow, this court overrules the first preliminary objection, sustains the third, fourth and fifth preliminary objections, and overrules, in part, and sustains, in part, the second preliminary objection.

This case arises from events that occurred in late August 2002. Plaintiffs allege that the minor-plaintiff was attending Herman's Day Care Center and was physically and sexually abused by Benuel F. Beiler, who provided janitorial/handyman services at the center. Beiler was eventually convicted of crimes related to this incident. Plaintiffs further allege that defendants, as owners and operators of the center, failed to conduct a reasonable investigation into Beiler's background. Moreover, plaintiffs claim that defendants knew that Beiler had acted inappropriately towards, and/or previously assaulted, one or more children attending the center, as well as other children in the community. Despite this knowledge, plaintiffs contend, defendants allowed Beiler to remain employed and to have unsupervised access to the children

at the center. In addition, plaintiffs allege that after defendants discovered Beiler's assault of the minor-plaintiff, defendants failed to report the assault to the proper authorities, and attempted to coerce the plaintiffs into not reporting information about the incident. As a result of this conduct, it is alleged that plaintiffs suffered physical, psychological and emotional injuries.

Plaintiffs filed their complaint on or about March 1, 2004. After the defendants filed their preliminary objections to the complaint, plaintiffs filed an amended complaint on or about April 14, 2004, containing 22 separate counts alleging various causes of action arising out of the incident. In response, defendants filed the instant preliminary objections on or about April 26, 2004.

First, defendants aver that plaintiffs' breach of contract claims should be stricken pursuant to Pa.R.C.P. 1028(a)(2). This rule provides that a preliminary objection may be filed to a pleading that fails to conform to law or rule of court or includes scandalous or impertinent matter. Pa.R.C.P. 1028(a)(2). "To be scandalous [or] impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Commw. 1998).

Here, defendants argue that plaintiffs' claims for damages arising out of the alleged sexual assault of the minor by Mr. Beiler sound in tort. Relying on *Peterman v. Geisinger Medical Center,* 8 D.&C.3d 432 (Montour Cty. 1978), defendants contend that such claims should be stricken as redundant. In that medical malpractice action, the plaintiffs sought to recover damages arising out of an unnecessary surgery performed on the plaintiff

based upon another patient's x-ray. *Id.* at 433-34. In the case, the plaintiff conceded that the contract claims essentially duplicated the tort counts and that the case was primarily a tort matter. *Id.* at 436. The court noted that "[t]he gravamen of plaintiffs' action [was] in tort, and . . . one properly instituted and maintained in trespass." *Id.* at 437. Consequently, the court determined that the contract claims were redundant, and struck them from plaintiffs' complaint.

Nevertheless, other courts have concluded that it is premature to dismiss a contract claim as being redundant to a tort claim at the pleading stage. *Lebish v. Whitehall Manor Inc.,* 57 D.&C.4th 247, 251 (2002); see *Zaborowski v. Hospitality Care Center of Hermitage Inc.,* 60 D.&C.4th 474, 483-84 (Mercer Cty. 2002). In these cases, the defendants contracted to provide care to the plaintiffs. In *Zaborowski,* the plaintiff alleged that defendant "breached an admissions agreement . . . to provide her 'with safe and reasonable care in a safe environment . . . .' " *Id.* at 483. The defendant filed a preliminary objection, in the nature of a demurrer, contending that plaintiff's claim is one sounding in tort rather than contract. *Id.* The court refused to sustain the objection. The court reasoned that the plaintiff "has pled the existence of a contract . . . ," *id.* at 484, and its "language . . . as set forth in the complaint, imposes a duty to provide 'safe and reasonable care in a safe environment,' as well as 'services which would . . . maintain the highest practicable, physical, mental and psychosocial [sic] well being.' " *Id.* at 484-85. The court then concluded, "If the complaint is to be believed, [defendant] failed to meet these requirements and therefore breached the contract." *Id.* at 485.

Similarly, in *Lebish,* the defendant contended that the case sounded primarily in tort and that Pennsylvania law required an associated contract claim to be dismissed, referring to the contract claim as redundant. *Lebish,* 57 D.&C.4th at 250. The court stated that "[b]ased upon the averments in the complaint, there are allegations of wrongdoing that may be exclusively contract matters and other allegations that may be exclusively tort matters." *Id.* The court recognized that the alleged tortious misconduct was identical to the contractual misconduct. *Id.* This factor, however, did not prohibit the plaintiffs from proceeding under both theories. *Id.* The court refused to dismiss the contract count, and allowed discovery to refine the many allegations stated by the plaintiffs against the defendant. *Id.*

In the present case, the allegations of plaintiffs in Counts IX and X are neither immaterial to their contract claims nor inappropriate for such claims. In these counts, plaintiffs contend that defendants made certain promises relating to the services that were to be rendered by defendants while the minor-plaintiff was present at Herman's Day Care. Then, plaintiffs claim that defendants breached the promises that were made through several alleged acts and/or omissions. As such, these claims are relevant and set forth facts which sufficiently allege a breach of contract. Additionally, the present scenario is more closely analogous to the situations confronted by the *Lebish* and *Zaborowski* courts than by the court in *Peterman.* In *Lebish* and *Zaborowski,* the courts refused to dismiss or strike the plaintiffs' contract claims even though the defendants contended that the claims sounded primarily in tort. Here, plaintiffs have sufficiently alleged their contract claims, and discovery will delineate the

proper theories of liability. At this stage of the proceedings, then, it is inappropriate to strike plaintiffs' contract claims from the amended complaint.

Second, defendants assert their remaining preliminary objections pursuant to Pa.R.C.P. 1028(a)(4). Pennsylvania law is well-settled and, accordingly, "[p]reliminary objections in the nature of demurrers are to be sustained only where facts averred in a complaint are clearly insufficient to establish the pleader's right to relief." *HCB Contractors v. Liberty Place Hotel Associates,* 539 Pa. 395, 397, 652 A.2d 1278, 1279 (1995). In determining whether to grant a demurrer, the court must accept as true all of the well-pleaded material facts set forth in the complaint and all of the inferences fairly deducible from those facts. *Small v. Horn,* 554 Pa. 600, 609, 722 A.2d 664, 668 (1998). When doubt exists as to whether a demurrer should be sustained, the doubt should be resolved in favor of overruling the demurrer. *Green v. Mizner,* 692 A.2d 169, 172 (Pa. Super. 1997). Therefore, in considering the present preliminary objections, the court accepts as true all of the well-pleaded facts set forth in the complaint, and will resolve all doubts in favor of the plaintiffs.

Defendants contend that Count XIX, asserting a claim for negligent infliction of emotional distress (NIED), and Count XVII, asserting a claim for intentional infliction of emotional distress (IIED), fail to state a claim upon which relief can be granted because the plaintiff-mother did not witness the alleged assault and only learned about the incident after its occurrence.

The bases for NIED claims commonly fall within the physical impact, zone of danger or bystander rules. *Bonson v. Diocese of Altoona-Johnstown,* 67 D.&C.4th

419, 431 (Westmoreland Cty. 2004). However, as the court in *Bonson* recognized, Pennsylvania courts "have recognized recovery in situations where the defendant owes the plaintiff a pre-existing duty of care, either through contract or a fiduciary duty, and breach of that duty causes the emotional distress alleged." *Id.* *E.g., Hunger v. Grand Central Station,* 447 Pa. Super. 575, 595, 670 A.2d 173, 183 (1996) (Beck, J., concurring); *Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 50-53, 633 A.2d 605, 612-15 (1993). Although this line of cases was not addressed by the parties in their supporting briefs, the court cannot ignore them. In the present case, plaintiffs allege that a contract existed between the parties. As such, the defendants owed a pre-existing duty of care under the terms of the contract. Further, the complaint contains allegations that a breach of that duty of care caused the alleged emotional distress suffered by the plaintiff-mother. Resolving all doubts in her favor, then, this court cannot sustain the defendant's preliminary objection relating to the NIED claim contained in Count XIX.

The plaintiffs' IIED claim found in Count XVII, however, fails to state a claim upon which relief can be granted. Unlike an NIED claim, there is no case law which recognizes a plaintiff's ability to recover for IIED in situations where the defendant owes the plaintiff a pre-existing duty of care either through contract or a fiduciary duty. Relying upon the Restatement (Second) of Torts §46(1), the Pennsylvania Supreme Court defined IIED by stating "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other re-

sults from it, for such bodily harm." *Hoy v. Angelone,* 554 Pa. 134, 150, 720 A.2d 745, 753 (1998). Under subsection two, moreover, liability may be found when such extreme and outrageous conduct is directed at a third person. Restatement (Second) of Torts §46(2); *e.g., Johnson v. Caparelli,* 425 Pa. Super. 404, 411, 625 A.2d 668, 671 (1993). In order for a family member to recover when outrageous conduct is directed at a third party, he/she must be present at the time such conduct takes place. See *id.* In the present case, the plaintiff-mother was not present at the time of the alleged assault. Therefore, she cannot recover for the emotional distress she suffered from the extreme and outrageous conduct allegedly directed towards her daughter, the minor-plaintiff.

Although the mother was not present at the time of the alleged assault, plaintiffs rely upon the first subsection of the Restatement in asserting their claim for the mother's emotional distress. The amended complaint asserts that the plaintiff-mother suffered distress from observing the actions of the defendants, "namely minimizing the incident(s) and threatening and/or asking [the mother] to cover up or conceal the assault." Plaintiffs' amended complaint ¶107. The plaintiff-mother's observance of these actions, however, does not give rise to any liability for the intentional infliction of emotional distress.

As the Pennsylvania Superior Court has stated, "it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Johnson,* 425 Pa. Super. at 412, 625 A.2d at 671. Extreme and outrageous conduct has been defined as: "conduct which

is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Comment d., Restatement (Second) of Torts §46; *e.g., Johnson,* 425 Pa. Super. at 412, 625 A.2d at 672.

Furthermore, the comment also states:

"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Comment d., Restatement (Second) of Torts §46; *e.g., Kazatsky v. King David Memorial Park Inc.,* 515 Pa. 183, 190-91, 527 A.2d 988, 991 (1987).

In the present case, the facts alleged in the complaint do not entitle the plaintiff-mother to any recovery based upon her IIED claim. The alleged attempts to minimize the incident(s) in front of the plaintiff-mother and to coerce her into concealing the assault, as set forth in the complaint, do not rise to the appropriate level of outrageousness for which the law allows recovery. As such, the alleged facts do not sufficiently state a claim for which relief can be granted.

Next, defendants aver that Count XX fails to state a claim upon which relief can be granted for tortious aiding and abetting. Pennsylvania courts have declared that such a claim, based upon section 876 of the Restatement

(Second) of Torts, is a viable cause of action in the Commonwealth. *Koken v. Steinberg,* 825 A.2d 723, 731 (Pa. Commw. 2003); see *Skipworth by Williams v. Lead Industries Association Inc.,* 547 Pa. 224, 236, 690 A.2d 169, 174-75 (1997). Under this theory of liability, also known as the concert of action theory of liability, "one is subject to liability for harm to a third person arising from the tortious conduct of another if he (a) does a tortious act in concert with the other or pursuant to a common design with him; (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself; or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." *Koken,* 825 A.2d at 731.

In the present case, the complaint does not aver that the defendants acted pursuant to a common scheme or plan. In addition, the allegations in the complaint do not sufficiently establish that the defendants gave substantial assistance or encouragement to Mr. Beiler when he engaged in the alleged misconduct. Substantial assistance is typically found in situations where facts are pled or proved which clearly demonstrate active encouragement to commit the tortious conduct. *Welc v. Porter,* 450 Pa. Super. 112, 120, 675 A.2d 334, 338 (1996). While *Welc,* along with other cases cited by the Superior Court in its opinion, dealt with the liability of a passenger who allegedly "tortiously aided and abetted" a driver involved in a motor-vehicle accident, its reasoning is applicable. In determining whether "substantial assistance" has been given, it appears that some affirmative action must be taken which causes the tortious actor to conduct him-

self/herself inappropriately. See *id.* at 120-22, 675 A.2d at 338-39. Here, the complaint fails to contain any allegations that the defendants affirmatively acted in any way to assist Mr. Beiler in committing his alleged misdeeds. Consequently, plaintiffs' claim for tortious aiding and abetting fails to state a claim for which relief can be granted.

In addition, defendants contend that plaintiffs' claims for intentional misrepresentation found in Counts XI and XII, and negligent misrepresentation found in Counts XIII and XIV should be dismissed. As stated by the Superior Court, intentional or fraudulent misrepresentation consists of: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *David Pflumm Paving & Excavating Inc. v. Foundation Services Co.,* 816 A.2d 1164, 1171 (Pa. Super. 2003). "Moreover, averments of fraud must be alleged with particularity and must be sufficient to convince the court that the averments are not merely subterfuge." *Bash v. Bell Telephone Company of Pennsylvania,* 411 Pa. Super. 347, 359, 601 A.2d 825, 831 (1992). Consequently, any averments of fraud "must consist of more than legal conclusions." *Id.* It is also important to note that "[t]he breach of a promise to do something in the future is not fraud." *Edelstein v. Carole House Apartments Inc.,* 220 Pa. Super. 298, 303, 286 A.2d 658, 661 (1971); *Bash,* 411 Pa. Super. at 361, 601 A.2d at 832. "An unperformed promise does not give rise to a presumption that the promisor intended not to

perform when the promise was made . . . ." *Fidurski v. Hammill,* 328 Pa. 1, 2, 195 A. 3, 4 (1937); *Bash,* 411 Pa. Super. at 361, 601 A.2d at 832.

In the present case, the complaint fails to allege that the defendants intended to mislead the plaintiffs when defendants made their representations. This element is necessary to state a claim for fraudulent misrepresentation. Consequently, plaintiffs' claim for fraudulent misrepresentation is flawed. Moreover, the complaint fails to allege its averments of fraud with sufficient particularity. Plaintiffs broadly aver that the defendants made certain promises regarding the care to be provided at the facility. Then, they contend that defendants misrepresented through act and/or omission that they were qualified and/or willing to provide proper child-care services. Next, the complaint alleges that defendants fraudulently concealed the assault. Aside from failing to allege an intention to mislead on the part of the defendants, plaintiffs' fraud claims do not set forth sufficient facts to convince this court that their claim has merit. Therefore, plaintiffs' claims for intentional misrepresentation fail to state a claim for which relief can be granted.

Additionally, plaintiffs' allegations of negligent misrepresentation fail to state a claim for which relief can be granted. Such a claim requires proof of "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter [sic] ought to have known of its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Kramer v. Dunn,* 749 A.2d 984, 991 (Pa. Super. 2000). Such a claim is viable where the speaker "fails to exer-

cise reasonable care or competence in obtaining or communicating the information." *Pflumm,* 816 A2d at 1168.

In the present case, plaintiffs argue that defendants did not exercise reasonable care in representing that they would provide a safe environment for the children in their care and would comply with state law governing the care of children. However, they fail to argue in their brief, and fail to set forth in complaint, facts which would show that the other necessary elements of the cause of action have been met. For instance, the plaintiffs fail to aver that the defendants made a misrepresentation with an intent to induce the plaintiffs to act on that misrepresentation. Furthermore, plaintiffs do not set forth any facts showing that the defendants ought to have known of the falsity of their alleged misrepresentation at the time any statements were made. Although plaintiffs arguably set forth a claim for the breach of a duty of care in that defendants allegedly failed to provide a safe environment and abide by state law, they fail to sufficiently state a claim for negligent misrepresentation. Accordingly, their allegations of negligent misrepresentation fail to state a claim upon which relief can be granted.

Finally, defendant argues that plaintiffs' claims for the violation of the UTPCPL, should be dismissed. In *Booze v. Allstate Insurance Co., infra,* the Pennsylvania Superior Court recognized that the catchall provision of the UTPCPL was amended to include not only fraudulent conduct, but deceptive conduct, as well. *Booze v. Allstate Insurance Co.,* 750 A.2d 877, 880 n.6 (Pa. Super. 2000), *appeal denied,* 564 Pa. 722, 766 A.2d 1242 (2000). Nevertheless, the court stated, "[i]n order to state a claim under the catchall provision . . . a plaintiff must prove the elements of common-law fraud." *Id.* at 880. *E.g.,*

*Skurnowicz v. Lucci,* 798 A.2d 788, 794 (Pa. Super. 2002). Although Pennsylvania courts of common pleas have stated that "deceptive conduct" is actionable, along with fraudulent conduct, see *Thompson v. The Glenmede Trust Co.,* 2003 WL 1848011 at *1 (Pa. Com. Pl. 2003), this court chooses to follow the decisions of the Superior Court. Accordingly, to state a claim under the UTPCPL, plaintiffs must allege sufficient facts which would satisfy the elements of a fraud claim. In the instant matter, this court has already determined that plaintiffs failed to state a claim for fraudulent misrepresentation. Consequently, they also fail to state a claim for a violation of the UTPCPL.

Accordingly, the court enters the following:

## ORDER

And now, January 26, 2005, upon consideration of the preliminary objections filed by the defendants, Dorothy M. Roberts and Harriet A. Herman, individually and t/d/b/a Herman's Day Care Center, Herman's Day Care Center and Benuel F. Beiler, against the amended complaint of the plaintiffs, Mary Cruz, in her own capacity and on behalf of her minor daughter, Elizabeth Sanchez, together with the briefs and supporting papers filed by the parties, it is hereby ordered that:

(1) Defendants' preliminary objection on the grounds that Counts IX and X of plaintiffs' amended complaint, alleging breach of contract, are redundant and should be stricken pursuant to Pa.R.C.P. 1028(a)(2) is overruled;

(2) Defendants' preliminary objection on the grounds that Counts XVII and XIX, alleging intentional and negligent infliction of emotional distress, respectively, should

240

be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for failure to state a claim upon which relief can be granted is sustained, in part, and overruled, in part, in accordance with this opinion;

(3) Defendants' preliminary objection on the grounds that Count XX, alleging tortious aiding and abetting, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for failure to state a claim upon which relief can be granted is sustained;

(4) Defendants' preliminary objection on the grounds that Counts XI, XII, XIII and XIV, alleging intentional and negligent misrepresentation, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) because plaintiffs failed to allege the necessary elements for each cause of action is sustained;

(5) Defendants' preliminary objection on the grounds that Count XVI, alleging a violation of the Unfair Trade Practices and Consumer Protection Law, should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) for being insufficient as a matter of law is sustained.