# McConnell v. Bara

C.P. of Lawrence County, no. 10709 of 2003, C.A.

*Robert B. Woomer,* for plaintiff.
*Louis Pomerico,* for defendant Bara.
*Michael K. English,* for defendant GPO Energy.
*John L. Kwasneski,* for defendant Rockland Township.

MOTTO, *P.J.,* March 22, 2005—Before the court are plaintiff's preliminary objections to counterclaim of defendant Sankovich. The issue dispositive of this matter is whether the counterclaim of the owner of a dune buggy, alleging the passenger of a dune buggy was involved in a common enterprise with the driver, sets forth a cause of action against the passenger for damages to the dune buggy pursuant to section 876 of the Restatement (Second) of Torts.

Plaintiff McConnell filed a complaint alleging causes of action in negligence against defendants Bara and Sankovich. The complaint alleged that plaintiff was injured on June 30, 2001, when the dune buggy made by defendant Sankovich, in which plaintiff was a passenger, was driven off the road by defendant Bara and struck a utility pole.

Defendant Sankovich filed a counterclaim alleging that plaintiff, a passenger in the dune buggy, and defendant Bara, the driver of the dune buggy, were engaged in a

common enterprise when the dune buggy was wrecked and damaged. The counterclaim asserted that plaintiff, as a member of a common enterprise or common undertaking, was vicariously liable for any negligent action of defendant Bara that resulted in damage to the dune buggy; and that defendant Bara was negligent in operating the dune buggy in a careless manner, driving it into an obstacle, and operating while his abilities were impaired.

The Restatement (Second) of Torts §876 sets forth the basis to proceed with a claim of common enterprise. Section 876 is as follows:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he: (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." Restatement (Second) of Torts §876 (1977).

The Pennsylvania appellate courts have not expressly adopted section 876 of the Restatement. However, at least three appellate cases have addressed whether a cause of action pursuant to section 876 was stated, with the decision either being without a majority, or being dicta as to the issue of adoption, or finding no cause of action stated without deciding the issue of adoption. See *Goldberg v. Delta Tau Delta v. Goldberg,* 418 Pa. Super. 207, 215-16, 613 A.2d 1250, 1254-55 (1992), *allocatur denied,* 534 Pa. 639, 626 A.2d 1158 (1993), and *Jefferis v. Com-*

*monwealth,* 371 Pa. Super. 12, 18-19, 537 A.2d 355, 358-59 (1988). The court here finds that section 876 has received sufficient analysis from the Pennsylvania appellate courts that an analysis of whether the allegations of the counterclaim are sufficient to invoke section 876 should be undertaken.

Those jurisdictions which have permitted a cause of action under section 876(b) of the Restatement did so where the plaintiff pled or proved facts which clearly demonstrated that the passenger actively encouraged the driver to commit the tortious conduct. *Welc v. Porter,* 450 Pa. Super. 112, 120, 675 A.2d 334, 338 (1996). See *e.g., Cobb v. Indian Springs Inc.,* 258 Ark. 9, 17, 522 S.W.2d 383, 387 (1975) (substantial encouragement or assistance in the driver's tortious conduct could be found where the defendant was respected as an authority figure by the minor driver and he encouraged him to demonstrate the vehicle's performance ability); *Sanke v. Bechina,* 216 Ill. App. 3d 962, 964-65, 971, 576 N.E.2d 1212, 1214-15, 1218 (1991) (passenger's encouragement that driver ignore a stop sign and exceed the posted speed limit fell squarely within the conduct contemplated by section 876); *Price v. Halstead,* 177 W. Va. 592, 600, 355 S.E.2d 380, 389 (1987) (passenger's conduct substantially assisted or encouraged the driver's continued use of alcohol and drugs by providing these substances to him while he drove the vehicle). However, liability has not been imposed in those jurisdictions pursuant to section 876(b) of the Restatement (Second) of Torts where it was established that the passenger did nothing to substantially assist or encourage the driver in his voluntary consumption of alcohol and operation of the ve-

hicle while intoxicated. *Id.* See *e.g., Cully v. Bianca,* 186 Cal. App. 3d 1172, 1178, 231 Cal. Rptr. 279, 282-83 (1986) (other than passengers' accompaniment of driver after they obtained and drank tequila, the plaintiff pointed to no facts indicating that the passengers gave substantial assistance and encouragement to the driver); *Stock v. Fife,* 13 Mass. App. 75, 82, 430 N.E.2d 845, 849-50 (1982), *review denied,* 385 Mass. 1103, 441 N.E.2d 1043 (1982) (facts did not permit recovery under section 876 where there was no showing that the passengers forced, pressured, or induced the driver to drink); *Olson v. Ische,* 343 N.W.2d 284, 289 (1984) (the kind of substantial encouragement needed to impose liability under section 876 was not present where the driver and passenger each drank voluntarily and the passenger accompanied the driver on his trip); *Lind v. Slowinski,* 450 N.W.2d 353, 357 (1990) (passengers did not give substantial assistance and encouragement to the driver where the passengers' and driver's consumption of alcohol was entirely voluntary); *Cecil v. Harden,* 575 S.W.2d 268, 272-73 (1978) (passenger's conduct in voluntarily consuming alcohol with the driver and in acquiescing in the driver's decision to drive his own car fell far short of the substantial encouragement and assistance required to justify liability under section 876). See also, *Clayton v. McCullough,* 448 Pa. Super. 126, 131, 670 A.2d 710, 713 (1996) (no recovery was possible under section 876 where there were no factual averments indicating that the passenger gave substantial assistance or encouragement to the driver to engage in tortious conduct).

The *Welc* court went on to state that, according to the language of 876(b), as well as the authorities which have

applied it, it is clear that an individual who is a passenger of a vehicle operated by a driver who has ingested alcohol voluntarily cannot be held responsible for the driver's negligent conduct. "Rather, liability can only be imposed where a plaintiff avers sufficient facts indicating that the passenger substantially assisted or encouraged the driver's tortious conduct." *Welc,* 450 Pa. Super. at 119, 675 A.2d at 338.

In the case sub judice, the counterclaim does not aver that the passenger engaged in any conduct that substantially assisted or encouraged the driver to consume alcohol and operate the dune buggy in a negligent manner. Therefore, a claim has not been adequately presented which would permit recovery pursuant to section 876(b).

It is also apparent that a claim pursuant to 876(a) and/ or (c) has not been presented. In order to establish a claim under section 876(a) of the Restatement it must be shown that the driver and passenger acted in concert, *i.e.,* that they acted in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result. *Id.* Here, the counterclaim alleges that both parties voluntarily drank alcohol and that the driver operated the dune buggy in a negligent manner. These facts, if proven, are insufficient to allow the inference or finding that the driver and passenger acted in concert, or that they acted in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result in the doing of a tortious act.

Further, in regard to section 876(c), the counterclaim does not allege facts from which it could be inferred that Mr. McConnell provided substantial assistance to the

driver in accomplishing the tortious result and that his own conduct, separately considered, constituted a breach of duty to the third party. Therefore, a claim under 876(c) has not been properly established.

Defendant Sankovich has failed to specifically allege in what manner plaintiff acted in concert with, or provided substantial assistance or encouragement to, defendant Bara in his alleged negligent operation of the dune buggy or any other facts which could invoke any subsection of section 876 of the Restatement. However, since the court cannot at this juncture determine that it is impossible for defendant to allege a cause of action, the court will provide such defendant an opportunity to amend the counterclaim, if he can do so, to allege a cause of action pursuant to section 876 of the Restatement.

## ORDER

And now, March 22, 2005, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the counterclaim of defendant Jared Sankovich against the plaintiff, Russell McConnell, is dismissed and the preliminary objections of plaintiff to such counterclaim are granted. However, defendant Jared Sankovich shall have 20 days from the date this order is docketed to file an amended counterclaim if defendant is able to allege facts sufficient to state a cause of action in accordance with the foregoing opinion.